DEBORAH M. SMITH
Acting United States Attorney

RETTA-RAE RANDALL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  3:05-cr-0099-02-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SENTENCING** |
| vs. | ) | **MEMORANDUM OF THE** |
| | ) | **UNITED STATES** |
| SARAH ROSE NOBLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States files with the court its sentencing memorandum in the above

captioned case pursuant to Local Criminal Rule 32.1(d)(1), for the Imposition of

Sentence scheduled for July 18, 2006.  The United States has no disagreements with

the final revised presentence report dated July 5, 2006.  The victim in this case will

be appearing at the sentencing and does wish to make a statement.

## I.     OFFENSE CONDUCT

Between July 5, 2002, and March 24,  2004, Sara Rose Noble ("Noble"), while living in Seattle, WA, received coins in the mail from Jasmine Hollimon ("Hollimon") which Noble knew had been stolen.   The coins had been stolen by Hollimon from her place of employment, Oxford Assaying and Refining Corporation ("OAR") in Anchorage, Alaska.    Noble sold the stolen coins to the Coin and Stamp Shop in Seattle, WA.   The total value obtained from the sale of these coins was $62,084.75.   After keeping a portion of the sale proceeds for herself, Nobel then deposited the remainder of the proceeds received from the sale of the stolen coins into the Wells Fargo Bank account of Hollimon.

## II.     ADVISORY    SENTENCE    CALCULATIONS    PURSUANT    TO PRESENTENCE  REPORT (PSR).

Base Offense Level (2B1.1(a)(2))  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Amount of Loss (2B1.1(b)(1)(D)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +6

Total  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Adjustment For Acceptance of Responsibility  . . . . . . . . . . . . . . . . . . . . . . . . . . -2

Total Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Criminal History Category  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

Advisory Sentencing Range  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 - 12  months

## III.    PLEA AGREEMENT PURSUANT TO 11(c)(1)(A) & (B).

The parties expressly agreed that the Plea Agreement filed in this case was entered into and was to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).   This means that the defendant may not withdraw from this agreement unless the United States brings additional charges arising from this investigation.    This also means that the court may accept or reject the recommendations or requests of the parties.  Fed. R. Crim. P. 11(e)(2).

## IV.    ISSUE OF RESTITUTION

In the plea agreement, the parties agreed that the amount of restitution that Noble would pay would be no more than her involvement with Hollimon, specifically $62,084.75.  However, Title 18 U.S.C. § 3663A(b)(1)(B)(I) does state that the order of restitution shall require the defendant to pay to the victim of an offense resulting in the loss of property, the greater of the value of the property on the date of loss, or the value of the property on the date of sentencing.  The owner of OAR will be available at sentencing to testify as to the value of the gold coins on the current market, and she is requesting restitution based on the market value of gold on July 18, 2006.  The price of gold has increased since the dates of the offense.  The present day value of an ounce of gold will be calculated based on the Second London or fixed market - this sets a fixed price for a 24 hour period.  A web site that is commonly used

for this calculation is www.Kitco.com.

## V.    SENTENCING RECOMMENDATION.

On the day of her arraignment,  Noble submitted to a debriefing by the government and admitted committing the acts in question.  She has no criminal history.  Compared with her co-defendants,  Noble has no significant substance abuse problem.  She needs to maintain employment in order to pay restitution.  Therefore, the government recommends:

(A)    A sentence of five (5) years of probation;

(B)    Restitution to OAR in the amount of $62, 084.75;

(C)    No fine because of the amount of restitution due; and

(D)    A mandatory special assessment in the amount of $100.

RESPECTFULLY SUBMITTED this 11th day of July, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

  s/ Retta-Rae Randall
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11,  2006,
a copy of the foregoing  was served
electronically on Scott Sterling,
and was placed at the front desk of the
USAO for Scott E. Kelley
Senior U.S. Probation/Pretrial Services Officer.


s/Retta-Rae Randall