IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. A05-099 CR (JWS) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SARAH ROSE NOBLE, et al, ) | |
| ) | |
| Defendants. ) | **DEFENDANT SARAH NOBLE'S** |
| _____ ) | **SENTENCING MEMORANDUM** |

Excludable delay is not expected to occur as a result of the present filing.

Defendant Sarah Rose Noble hereby submits her sentencing memorandum. Sentencing is set for July 18 at 9:00 am before Judge Sedwick.

**Factual and Procedural Background**.

Pursuant to a Rule 11 plea agreement Sarah Noble, age 24, with absolutely no criminal history, pled guilty to a single count of interstate transportation of stolen property in violation of 18 U.S.C. §2314. The final PSR estimates her advisory U.S. Sentencing Guideline total offense level at 10. Her criminal history category is estimated at level I. Based on those calculations the advisory guideline imprisonment range is a minimum of six to a maximum of 12 months. The final PSR (over Ms. Noble's objection) recommends a restitution obligation of $92,625.00.

By separate motion concurrently filed Ms. Noble seeks an evidentiary hearing to resolve the disputed issue of what her actual restitution obligation should be.

Ms. Noble's offense conduct consisted of aiding and abetting Janice Hollimon. Hollimon contrived to steal valuable coins from her employer. Hollimon and Noble were casual acquaintances dating back to their working together at a café in Anchorage. There is no evidence that Ms. Noble interacted with any other co-defendant.

In 2003-2004 Hollimon lived and worked in Anchorage, Alaska. Ms. Noble lived and worked in Seattle, Washington. Hollimon came up with the idea of shipping some of the coins she stole to Noble. Noble would then sell the coins to a Seattle-based dealer, give the lion's share of the proceeds to Hollimon and keep a small percentage for herself.

In the event and over some months' time Ms. Noble sold various coins stolen by Hollimon in Anchorage to a dealer in Seattle. Noble then deposited the sale proceeds in Hollimon's bank account. Noble kept a small share of the sale proceeds for herself.

The authorities caught up with Hollimon and eventually confronted Ms. Noble with evidence of her involvement in the scheme. To her credit Ms. Noble immediately confessed and subsequently cooperated and debriefed with the Government. Ms. Noble was not arrested appearing instead for arraignment by summons. Ms. Noble has since been released on conditions. She has fully and satisfactorily complied with all conditions of release.

Letters of reference from her employer and a letter of apology from Ms. Noble to the victim are attached to the hard copy of this Memorandum. The letters speak to the fact that Ms. Noble is a responsible person of conscience.

Ms. Noble's involvement with Hollimon's scheme was the aberrant act of a young person who needed money and found it simply too easy to go along. There is nothing abnormal about Ms. Noble's background, character or upbringing. Her steady record of employment following graduation from high school speaks to the fact that she knows how to earn a living and support herself without resorting to criminal or deviant behavior. In sum, Ms. Noble, but for her extremely poor judgment in going along with Hollimon, has lived a straightforward, working and law-abiding life. She is now a convicted felon, for life, facing sentencing and a very substantial restitution obligation.

### Application of Advisory United States Sentencing Guidelines

Under U.S.S.G. § 5C1.1(e) if the minimum term of imprisonment in the applicable guideline range is in the sentencing table is at least one but not more than six months the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. §5C1.1(e), provided that at least one month is satisfied by imprisonment or, a sentence of probation that includes a condition or combination of conditions that substitutes intermittent confinement, community confinement or home detention for imprisonment according to the schedule.

By that analysis Ms. Noble falls within Zone B of the advisory Guidelines. Therefore the court may sentence her to a sentence of imprisonment or a sentence of probation provided that the sentence includes

a condition of probation requiring a period of intermittent confinement, community confinement, home detention or a combination thereof, sufficient to satisfy the minimum period of imprisonment specified in the Guideline range. See U.S.S.G. §5C1.1, Application Note 3. Ms. Noble's requested and recommended sentence is set out below. Ms. Noble's argument concerning the disputed issue of restitution is also set forth below.

With regard to her objection to receiving a two- rather than three-point reduction for acceptance of responsibility Ms. Noble withdraws that objection. The probation officer is correct in assessing Ms. Noble's total offense level as less than 16 thus rendering the issue of a three-point reduction moot under U.S.S.G. § 3E1.1(a) and (b). The two-point reduction is correct. Ms. Noble's only objection is to the estimated amount of her restitution obligation.

### Application Of 18 U.S.C. § 3553(a) Sentencing Factors

Sentencing courts must consider all the goals and factors set forth in 18 U.S.C. § 3553(a) and not just the advisory U.S. Sentencing Guidelines and the policy statements in the Guidelines manual. United States v. Booker, 125 S.Ct. 738, 757, 764-768 (2005). Under 18 U.S.C. §3553(a)(2), the sentence must be "sufficient, but not greater than necessary," to fulfill the need for the sentence imposed to:

(A)   reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

(B)   afford adequate deterrence to criminal conduct;

(C)   protect the public from further crimes of the defendant:

(D)    provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### Ms. Noble's Requested And Recommended Sentence

Ms. Noble requests that the court fashion a sentence which balances the need for her to work to pay her restitution obligation with the fact that she is a youthful offender who, by all objective measures, committed an aberrant act.

The sentence recommended and requested by Ms. Noble will first and foremost reasonably assure the satisfaction of her obligation to pay restitution whatever the final amount may be. The obloquy, shame and legal disabilities imposed upon Ms. Noble by her felony conviction, with no realistic chance of her ever receiving a presidential pardon, will far outlast her period of supervised release and restitution payment period.

Ms. Noble's recommended sentence also conforms to the policy of the law, as set forth in 18 U.S.C. §3582(a), which states in pertinent part that the Congress recognizes that "imprisonment is not an appropriate means of promoting correction and rehabilitation."

Accordingly Ms. Noble requests and recommends that the court sentence her to serve a three year period of probation with a home detention requirement not to exceed six months. The conditions attached to home detention should permit Ms. Noble to travel between home and her place of employment and travel for legal, medical and probation office appointments.

The standard conditions of supervised release and the standard conditions of probation should be harmonized and non-duplicative or overlapping. As a condition of both, however, Ms. Noble should be required to keep steady employment and make satisfactory periodic restitution payments according to the schedule set by the court in the sentence.

### The Unresolved Issue Of Restitution

Ms. Noble's unresolved objection to the draft and final PSR concerns the amount of her restitution obligation. The probation officer recommends that the court require Ms. Noble to pay $92,625.00 in restitution. The Government in plea negotiations with Ms. Noble set the restitution obligation at $62,084.75. By separate motion concurrently filed Ms. Noble seeks an evidentiary hearing to establish the amount of her restitution obligation. She contends that she should be liable for $20,014.75 in restitution.

Ms. Noble's argument begins with analysis of her actual offense conduct. Ms. Noble aided and abetted Jasimine Hollimon in stealing coins from the victim. Hollimon used diverse persons, such as Noble, to sell the coins. The proceeds from each sale were returned to Hollimon with a small percentage going to each accomplice.

The draft and final PSR, at ¶ 11, sets for the total amount stolen by Ms. Noble in association with Hollimon at $62,084.75. Of that amount $42,070.00 was deposited in Hollimon's bank account. Ms. Noble therefore only personally received or profited in the amount of $20,014.75.

U.S. Sentencing Guideline § 5E1.1(a)(1) advises the court in the case of an identifiable victim to "enter a restitution order for the full amount of the victim's loss is such order is authorized (under divers statutes)." USSG §5E1.1 conforms to the Mandatory Victim Restitution Act ("MVRA"), codified at 18 U.S.C. § 3663A-3664. That statute makes restitution mandatory without regard to a defendant's ability to pay when a defendant is convicted of the crimes listed in 18 U.S.C. §3663A(c)(1).

The MVRA requires restitution regardless of the defendant's ability to pay. The court however may impose restitution that was agreed to as part of the plea agreement and courts have upheld restitution pursuant to a plea agreement as authorized by 18 U.S.C. §3663(a).

The law provides that a victim is entitled to the full amount of the victim's actual loss. United States v. Finkley, 324 F.3d 401 (6th Cir. 2003).

The court has discretion to apportion loss among co-defendants. United States v. Stanley, 309 F.3d 611 (9th Cir.2002)(holding that where defendant was ordered to pay $500,000 of the $900,000 loss, his restitution obligation was not offset by the $300,00 paid by his co-defendants). Where each defendant plays an important role in the scheme the court may impose joint and several liability for restitution. United States v. Adjeniji, 221 F.3d 1020 (7th Cir.2000). Restitution cannot be awarded, however, for relevant conduct unless the defendant is convicted of conspiracy. United States v. Laney, 189 F.3d 954 (9th Cir.1999)(upholding restitution where defendant was convicted of conspiracy).

The victim deserves restitution. Ms. Noble wants to do her part. She asks only that she be spared the burden of having to pay, jointly and severally, for the entire amount of a loss which did not flow, directly or indirectly, from her actual or relevant offense conduct. Ms. Noble was not a passive participant in Hollimon's scheme but neither was she a leader, organizer or major participant.

In reality Ms. Noble had no control over what coins Hollimon stole nor what Holllimon did or did not do with any other co-defendant. Ms. Noble had no control over what Hollimon did or did not with the proceeds from sales of the stolen coins. Ms. Noble <u>did</u> control her own activities and behavior. She is directly liable and responsible for the loss of $20,014.75.

Accordingly, Ms. Noble requests that the court adjudge and order that she is severally liable only for restitution to the victim in the amount of $20,014.75. Ms. Noble further requests that the court set a restitution payment schedule that requires her to make periodic monthly payments in the amount of $250.00 per month until that obligation is satisfied. If at the expiration of her period of supervised release Ms. Noble has not satisfied her obligation then the restitution obligation may, under the law and her sentence, convert to a civil judgment for the remainder due.

RESPECTFULLY SUBMITTED this 11th day of July, 2006 at Anchorage, Alaska.

        Sterling & DeArmond, P.C.
        Counsel For Defendant
        Sarah Rose Noble

        By:  s/ Scott A. Sterling
            Scott A. Sterling
            Sterling & Dearmond
            851 Westpoint Drive, Suite 201
            Wasilla, Alaska 99654
            Telephone: (907) 376-8076
            Fax:         (907) 376-8078
        Email: scottsterling@alaskalawyers.net
            Bar Number 8706053

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by fax on the 11th day of July, 2006 upon:

AUSA Retta-Rae Randall
Office of U.S. Attorney for Alaska
222 West 7th Avenue
Anchorage, Alaska 99513
Fax: (907) 271-1500

Counsel for Plaintiff
United States of America

USPO Scott Kelley
US Probation/Pretrial Services
222 West 7th Avenue
Anchorage, Alaska 99513
Fax: (907) 271-3060

By:/s Scott A. Sterling

**USA v. Sarah Rose Noble, et al**
**Case No. A05-099 CR (JWS)**
**Defendant Noble's**
**Sentencing Memorandum**
**Page 10 of 10**